S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
JESSE K. COX – SBN 285218
jcox@lynberg.com
DELANEY N. KENNEDY – SBN 345397
dkennedy@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants COUNTY OF ORANGE and ANTHONY MAGDALENO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX ESPINOZA, an individual and successor-in-interest to SIERRA ROSE VANATTA; ALYSSA J. GIBSON, an individual and DOES 1 through 10,<br><br>       Plaintiffs,<br><br>   vs.<br><br>COUNTY OF ORANGE, ANTHONY MAGDALENO, an individual; and DOES 1 through 10, inclusive,<br><br>       Defendants. | CASE NO. 8:24-cv-02120-AH-DFM<br><br>*Assigned for All Purposes to:*<br>*Honorable Anne Hwang*<br>*Dept. 7D*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Defendants' Request for Judicial Notice; Declaration of Delaney N. Kennedy in support of Defendants' Motion to Dismiss First Amended Complaint; Exhibits; Proposed Order]<br><br>Date:  March 12, 2025<br>Time:  1:30 p.m.<br>Courtroom: 7D<br><br>*Complaint Filed: September 30, 2024*<br><br>*First Amended Complaint Filed: January 2, 2025*<br><br>*Trial Date: None Set* |

1

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    **TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF**

2    **RECORD:**

3    **PLEASE TAKE NOTICE** that on March 12, 2025, at 1:30 p.m., or as soon

4    thereafter as the matter may be heard in Department 7D of the above-entitled Court,

5    located at 350 W. 1st Street, Los Angles, California 90012, Defendants COUNTY

6    OF ORANGE and ANTHONY MAGDALENO (collectively "Defendants") will,

7    and hereby do, move this Court for an order dismissing portions of Plaintiffs FELIX

8    ESPINOZA and ALYSSA J. GIBSON's (collectively "Plaintiffs") First Amended

9    Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6).

10    Defendants bring this Motion on each of the following grounds:

11    1.    Plaintiff Felix Espinoza's Second, Third, and Fourth Claims for Relief

12    for "Monell" liability each fail to state claims upon which relief can be granted

13    against Defendant County of Orange.  See, Fed. R. Civ. Proc. 12(b)(6).

14    2.    Plaintiff Felix Espinoza's Fifth Claim for Relief for "State-Created

15    Danger" fails to state a claim upon which relief can be granted against Defendant

16    Anthony Magdaleno.  See, Fed. R. Civ. Proc. 12(b)(6).

17    3.    Plaintiff Felix Espinoza's Eighth Claim for Relief for "Failure to

18    Summon Medical Care" fails to state a claim upon which relief can be granted

19    against Defendants County of Orange and Anthony Magdaleno.  See, Fed. R. Civ.

20    Proc. 12(b)(6).

21    4.    Plaintiff Alyssa J. Gibson's Tenth Claim for Relief for "Interference

22    with Familial Relationship—First Amendment" fails to state a claim upon which

23    relief can be granted against Defendant Anthony Magdaleno.  See, Fed. R. Civ.

24    Proc. 12(b)(6).

25    5.    Plaintiff Felix Espinoza's Twelfth Claim for Relief for "Wrongful

26    Death" fails to state a claim upon which relief can be granted against Defendant

27    Anthony Magdaleno.  See, Fed. R. Civ. Proc. 12(b)(6).

28

**2**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

6.    Plaintiff Felix Espinoza's Thirteenth Claim for Relief for "Excessive Force" fails to state a claim upon which relief can be granted against Defendant Anthony Magdaleno.  <u>See</u>, <u>Fed. R. Civ. Proc.</u> 12(b)(6).

Defendants' Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Delaney N. Kennedy and the Exhibits submitted therewith, Plaintiffs' First Amended Complaint (Dkt. 30), Defendants' concurrently-filed Request for Judicial Notice in Support of Defendants' Motion; and upon such other and further matters as may properly come before the Court.

Pursuant to <u>Local Rule</u> 7-3, as well as this Court's Standing Order, this Motion is filed following meet and confer efforts that took place on January 23, 2025, on January 27, 2025, and via videoconference on January 28, 2025 (<u>See</u>, Declaration of Delaney N. Kennedy in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, ¶¶ 4-6).  Resolution of the issues raised in this Motion has been unsuccessful and the defense consequently prays that this Court hear and decide the issues raised herein.

DATED: February 3, 2025                    Respectfully submitted,

**LYNBERG & WATKINS**


By: */s/ Delaney N. Kennedy*
   **S. FRANK HARRELL**
   **JESSE K. COX**
   **DELANEY N. KENNEDY**
   Attorney for Defendants
   COUNTY OF ORANGE and ANTHONY
   MAGDALENO

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1

## **<u>TABLE OF CONTENTS</u>**

2

3

I.     PRELIMINARY STATEMENT ................................................................. 10

4

II.    PLAINTIFF ESPINOZA'S CAUSES OF ACTION FOR *MONELL* LIABILITY FAIL AS A MATTER OF LAW ........................................ 13

5

6

III.   PLAINTIFF ESPINOZA'S FIFTH CAUSE OF ACTION FOR "STATE-CREATED DANGER" FAILS AS A MATTER OF LAW................................ 20

7

IV.    PLAINTIFF ESPINOZA'S EIGHTH CAUSE OF ACTION FOR "FAILURE TO SUMMON MEDICAL CARE" FAILS AS A MATTER OF LAW ................................................................................................... 22

8

9

V.     PLAINTIFF GIBSON'S TENTH CAUSE OF ACTION FAILS AS A MATTER OF LAW................................................................................. 26

10

VI.    PLAINTIFF ESPINOZA'S TWELFTH CAUSE OF ACTION FOR "WRONGFUL DEATH" FAILS AS A MATTER OF LAW ........................... 28

11

12

VII.   PLAINTIFF ESPINOZA'S THIRTEENTH CAUSE OF ACTION FOR "EXCESSIVE FORCE" FAILS AS A MATTER OF LAW ............................ 29

13

VIII.  CONCLUSION........................................................................................ 31

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

A.E. ex rel. Hernandez v. Cty. of Tulare,
  666 F.3d 631 (9th Cir. 2012) ................................................................. 16

Acevedo v. City of Fontana,
  2024 WL 1600665 (C.D. Cal. 2024) ...................................................... 21

Albright v. Oliver,
  510 U.S. 266 (1994) ............................................................................... 17

Allison v. City of Redondo Beach,
  2016 WL 11757911 (C.D. Cal. 2016) .................................................... 28

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ................................................................... 13, 16, 31

Bd. of Cty. Comm'rs v. Brown,
  520 U.S. 397 (1997) ............................................................................... 15

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ................................................................... 13, 16, 31

Brooks v. Ruiz,
  2022 WL 3372779 (C.D. Cal. 2022) ................................................ 17, 22

Brown v. County of San Bernardino,
  2021 WL 99722 (C.D. Cal. 2021) ......................................................... 13

Capp v. Cnty. of San Diego,
  940 F.3d 1046 (9th Cir. 2019) ............................................................... 29

Castaneda v. Dept. of Corr. & Rehab.,
  212 Cal.App.4th 1051 (2013) ................................................................ 26

Christie v. Iopa,
  176 F.3d 1231 (9th Cir. 1999) ............................................................... 19

City of Los Angeles v. Heller,
  475 U.S. 796 (1986) ............................................................................... 17

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

City of Revere v. Massachusetts Gen. Hosp.,
  463 U.S. 239 (1983) ................................................................22

Clugston v. City of Garden Grove,
  2023 WL 2400876 (9th Cir. 2023)....................................17

Cnty. of Los Angeles, Calif. v. Mendez,
  581 U.S. 420 (2017) ................................................................31

D.K. ex rel. G.M. v. Solano County Office of Educ.,
  667 F.Supp.2d 1184 (E.D. Cal. 2009)........................23, 29

Dougherty v. City of Covina,
  654 F.2d 892 (9th Cir. 2011) ................................................15

Est. of Luna v. Orange Cnty. Sheriff's Dep't,
  2024 WL 2105604 (C.D. Cal. 2024)..............................15, 19

Estate of Crawley v. McRae,
  2015 WL 5432787 (E.D. Cal. 2015) ....................................28

Estate of Luna v. Orange County Sheriff's Department,
  2024 WL 3218649 (C.D. Cal. 2024)..............................20, 21

Frary v. County of Marin,
  81 F.Supp.3d 811 (N.D. Cal. 2015) ....................................26

Gordon v. County of Orange,
  2016 WL 11502908 (C.D. Cal. 2016) ..................................18

Graham v. Connor,
  490 U.S. 386 (1989) ................................................17, 22, 32

Herd v. Cnty. of San Bernardino,
  311 F.Supp.3d 1157 (C.D. Cal. 2018)............................15, 16

Hermosillo v. Cnty. of Orange,
  2020 WL 6785303 (C.D. Cal. 2020)....................................21

Hodges v. Corizon Health, Inc.,
  2019 WL 7476444, n.19 (D. Or. 2019)................................22

Horosny v. Burlington Coat Factory,
  Inc., 2015 WL 12532178 (C.D. Cal. 2015)........................13

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Hussain v. Cnty. of Orange,
   2024 WL 3218648 (C.D. Cal. 2024)....................................................21

Ingraham v. Wright,
   430 U.S. 651 (1977) .........................................................................22

J.P. by & through Villanueva v. Cnty. of Alameda,
   803 F.App'x 106 (9th Cir. 2020) ........................................................28

Jackson v. Barnes,
   749 F.3d 755 (9th Cir. 2014)..............................................................17

Jett v. Penner,
   439 F.3d 1091 (9th Cir. 2006).............................................................25

King v. L.A. County Sheriff's Dep't,
   2013 U.S. Dist. LEXIS 185955 (C.D. Cal. 2013)..................................18

Lee v. City of Los Angeles,
   250 F.3d 668 (9th Cir. 2001)...............................................................22

Lovell v. Poway Unified Sch. Dist.,
   90 F.3d 367 (9th Cir. 1996)................................................................18

Lucero v. County of Orange,
   536 F.Supp.3d 628 (C.D. Cal. 2021)....................................................15

Lucero v. County of Orange,
   2021 WL 1034861 (C.D. Cal. 2021).....................................................15

Mann v. City of Sacramento,
   2022 WL 2128906 (9th Cir. 2022)........................................................28

Maurer v. City of Los Angeles,
   2018 WL 11306948 (C.D. Cal. 2018)....................................................28

McDougal v. Cnty. of Orange,
   2022 WL 18144372 (C.D. Cal. 2022)....................................................21

Monell v. Dep't of Soc. Servs. of N.Y.,
   436 U.S. 658 (1978) .............................................................15, 18, 20

Monterrosa v. City of Vallejo,
   2021 WL 516736 (E.D. Cal. 2021) ......................................................27

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Moreno v. Cnty. of Los Angeles,
    2022 WL 1515684 (C.D. Cal. 2022)...................................................28

Nguyen v. Cnty. of Orange,
    2023 WL 4682301 (C.D. Cal. 2023)...................................................18

Palm Springs Villas II Homeowners Assn., Inc. v. Parth,
    248 Cal.App.4th 268 (2016)...................................................30

Papasan v. Allain,
    478 U.S. 265 (1986) ...................................................31

Quintanilla v. City of Downey,
    84 F.3d 353 (9th Cir. 1996)...................................................17

Robicheaux v. County of Orange,
    --- F.Supp.3d ----, 2024 WL 5001487 (C.D. Cal. 2024)...................................................15

Scalia v. County of Kern,
    308 F.Supp.3d 1064 (E.D. Cal. 2018)...................................................27

Searcy v. Hemet Unified Sch. Dist.,
    177 Cal.App.3d 792 (1986)...................................................23, 27, 29, 30

Seever v. City of Modesto,
    2022 WL 17418355 (E.D. Cal. 2022)...................................................20

Sommers v. City of Santa Clara,
    516 F.Supp.3d 967 (N.D. Cal. 2021) ...................................................19

Southern v. City of Sacramento,
    2022 WL 17822554 (E.D. Cal. 2022)...................................................27

Starr v. Baca,
    652 F.3d 1202 (9th Cir. 2011)...................................................16

Sweaney v. Ada County, Idaho,
    119 F.3d 1385 (9th Cir. 1997)...................................................18

Thompson v. City of Los Angeles,
    885 F.2d 1439 (9th Cir. 1989)...................................................19

Trevino v. Gates,
    99 F.3d 911 (9th Cir. 1996)...................................................18

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Tsao v. Desert Palace, Inc.,
   698 F.3d 1128 (9th Cir. 2012)................................................................17

Ulrich v. City & Cnty. of San Francisco,
   308 F.3d 968 (9th Cir.2002)..................................................................19

United States v. Corinthian Colls.,
   655 F.3d 984 (9th Cir. 2011)................................................................13

V.R. v. Cnty. of San Bernardino,
   2019 WL 8221080 (C.D. Cal. 2019)....................................................28

Villegas v. Gilroy Garlic Festival Ass'n,
   541 F.3d 950 (9th Cir. 2008)................................................................19

Ward v. City of San Jose,
   967 F.2d 280 (9th Cir. 1992)....................................................14, 27, 28

Watson v. State of California,
   21 Cal.App.4th 836 (1993)................................................................25, 27

Wolcott v. Cnty. of Orange,
   2023 WL 3984215 (C.D. Cal. 2023)..................................................15, 31

**Statutes**

42 U.S.C. § 1983................................................................................14, 16

Government Code § 844.6..........................................................................24

Government Code § 845 ............................................................................24

Government Code § 845.6..................................................................passim

**Rules**

Fed. R. Civ. Proc. 12(b)(6) ....................................................................passim

Fed. R. Civ. Proc. 8 ............................................................................12, 13

Fed. R. Civ. Proc. 12............................................................................13

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PRELIMINARY STATEMENT**

Plaintiffs Felix Espinoza and Alyssa J. Gibson (collectively "Plaintiffs") bring this civil action following the death of Decedent Sierra Rose Vanatta ("Decedent") on January 5, 2024.  Plaintiff Espinoza purports to sue in his individual capacity as the alleged "father" of Decedent, and as Decedent's sworn "successor-in-interest." (See, First Amended Complaint ("FAC"), Dkt. 30, ¶¶ 1-2, Exhibit "A" to Declaration of Delaney N. Kennedy ("Kennedy Decl."), ¶ 3; see also, Declaration of Felix Espinoza, Successor in Interest to Sierra Rose Vanatta, Dkt. 8).  Plaintiff Alyssa J. Gibson purports to sue in her individual capacity as the alleged "sister" of Decedent."  (See, FAC, Dkt. 30, ¶ 3, Exhibit "A" to Kennedy Decl., ¶ 3).

According to Plaintiffs, Decedent was "arrested in the past for driving on a suspended license and possession of a controlled substance."  (See, FAC, Dkt. 30, ¶ 14, Exhibit "A" to Kennedy Decl., ¶ 3).  Plaintiffs allege that on December 4, 2023, Decedent was "found in violation of her probation," "sentenced to 120 days," and "ordered to report to the Probation Department within 24 hours of release."  (See, FAC, Dkt. 30, ¶ 16, Exhibit "A" to Kennedy Decl., ¶ 3).  Plaintiffs claim that at some unidentified point between December 4, 2023, and "the middle of December 2023," Decedent was then "released from jail," "admitted to Hoag Hospital" in Newport Beach "in critical condition," and placed in the "intensive care unit."  (See, FAC, Dkt. 30, ¶¶ 17-18, Exhibit "A" to Kennedy Decl., ¶ 3).

Plaintiffs allege that as "a result of [Decedent's] hospitalization," Decedent was "unable to report to the Probation Department as the court ordered on December 4, 2023, and was unable to attend the December 2023 meeting she had scheduled" with her assigned probation officer, Defendant Anthony Magdaleno. (See, FAC, Dkt. 30, ¶¶ 17, 19, Exhibit "A" to Kennedy Decl., ¶ 3).  According to Plaintiffs, despite notice to Defendant Magdaleno of Decedent's hospitalization,

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT**

1    Defendant Magdaleno "obtained a warrant for [Decedent's] arrest" and "forcibly

2    removed [Decedent] from Hoag Hospital against doctors' orders." (<u>See</u>, FAC, Dkt.

3    30, ¶¶ 19, 23, Exhibit "A" to Kennedy Decl., ¶ 3). From there, Plaintiffs allege that

4    Defendant Magdaleno "transported [Decedent] in the back of his patrol car, to the

5    Women's Central Jail in Santa Ana," where Plaintiff died on January 5, 2024 of

6    "septic shock and pneumonia." (<u>See</u>, FAC, Dkt. 30, ¶¶ 23, 25, Exhibit "A" to

7    Kennedy Decl., ¶ 3). Plaintiffs claim that while at the Women's Central Jail,

8    Decedent received "no medical screening and no medical care" and was placed in a

9    "regular-housing unit" rather than in the Women's Central Jail Hospital. (<u>See</u>, FAC,

10   Dkt. 30, ¶¶ 23-25, Exhibit "A" to Kennedy Decl., ¶ 3).

11       From this implausible narrative, Plaintiffs bring a host of federal and state law

12   claims against the County of Orange ("County"), Probation Officer Anthony

13   Magdaleno, and "DOE" Defendants. (<u>See generally</u>, FAC, Dkt. 30, Exhibit "A" to

14   Kennedy Decl., ¶ 3). Against the County, Plaintiffs assert three species of <u>Monell</u>

15   claims and a <u>Government Code</u> § 845.6 claim for "Failure to Summon Medical

16   Care." (<u>See</u>, FAC, Dkt. 30, ¶¶ 44-119, 187-206, Exhibit "A" to Kennedy Decl., ¶

17   3). Against Defendant Magdaleno, Plaintiffs bring a Section 1983 claim for "State-

18   Created Danger"; a <u>Government Code</u> § 845.6 claim for "Failure to Summon

19   Medical Care"; claims under the Fourteenth and First Amendments for "Interference

20   with Familial Relationship"; a claim under California's Bane Act; a "Wrongful

21   Death" claim; and a claim for "Excessive Force" under the Fourth Amendment.

22   (<u>See</u>, FAC, Dkt. 30, ¶¶ 120-145, 187-296, Exhibit "A" to Kennedy Decl., ¶ 3).

23       Unfortunately, too many of Plaintiffs' asserted recovery theories are defective

24   on their face and ignore settled precedent that bars their current presentation. Chief

25   among these defects is that Plaintiffs' claims lack factual specificity and are instead

26   propped up by conclusory allegations that are lamented by federal courts. As

27   discussed below, these facial defects mean the FAC violates Rule 8 and Rule 12

28

**11**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    standards, as it unfairly deprives Defendants of their rights to notice of the factual

2    bases supporting the claims made against them.  Rule 8 is simple: it requires a "short

3    and plain statement" that evidences an entitlement to relief.  Central to that

4    requirement is that the complaint "give fair notice" of the claims being made and

5    specify "with at least some degree of particularity the overt acts which the

6    defendants engaged in that support plaintiffs' claim."  <u>See</u>, <u>Brown v. County of San</u>

7    <u>Bernardino</u>, 2021 WL 99722, at *2 (C.D. Cal. 2021); <u>see also</u>, <u>Horosny v.</u>

8    <u>Burlington Coat Factory, Inc.</u>, 2015 WL 12532178, at *3 (C.D. Cal. 2015) (to

9    satisfy Rule 8, a complaint must give the defendant "fair notice of what the claim is

10    and the grounds upon which it rests.").  Rule 12 complements Rule 8 by precluding

11    a plaintiff from proceeding with nothing more than "labels and conclusions" or a

12    "formulaic recitation of the elements of a cause of action."  <u>See</u>, <u>Bell Atlantic Corp.</u>

13    <u>v. Twombly</u>, 550 U.S. 544, 555 (2007).  It provides an enforcement mechanism—

14    the Motion to Dismiss—to ensure plaintiff has stated a "plausible claim" that

15    includes "'*factual content* that allows the court to draw the reasonable inference that

16    the defendant is liable for the misconduct alleged.'"  <u>See</u>, <u>United States v.</u>

17    <u>Corinthian Colls.</u>, 655 F.3d 984, 991 (9th Cir. 2011) (quoting <u>Ashcroft v. Iqbal</u>, 556

18    U.S. 662, 678 (2009)) (emphasis added).  Where, as here, a pleading offers "facts"

19    that are "'merely consistent with' a defendant's liability," it "'stops short of the line

20    between possibility and plausibility of 'entitlement to relief,'" and must be

21    dismissed.  <u>See</u>, <u>Iqbal</u>, <u>supra</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, <u>supra</u>, 550 U.S. at

22    557).

23         In addition to the substantive maladies, portions of Plaintiffs' FAC fail for

24    other reasons.  For example, Plaintiff Gibson purports to bring the Tenth Cause of

25    Action for "Interference with Familial Relationship" under the First Amendment,

26    but she does not have standing to pursue such a claim as Decedent's "sister."  (<u>See</u>,

27    FAC, Dkt. 30, ¶¶ 3, 230-240, Exhibit "A" to Kennedy Decl., ¶ 3).  This is so

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1  because a sibling may not assert a claim for familial interference under the civil

2  rights statute 42 U.S.C. § 1983.  <u>See</u>, <u>Ward v. City of San Jose</u>, 967 F.2d 280, 284

3  (9th Cir. 1992) (sibling does not have any constitutionally protected interest in

4  brother's companionship under Section 1983).

5      Additionally, Plaintiff Espinoza's attempt to bring a Fourteenth Amendment

6  "State-Created Danger" claim fails as Decedent was admittedly a "convicted

7  prisoner" at the time of her death, thus triggering the Eighth Amendment's "cruel

8  and unusual punishment" standard rather than the more lenient Fourteenth

9  Amendment standard.

10     On January 23, 2025, Defense counsel raised each of the issues discussed in

11  this Motion with Plaintiffs' counsel by way of detailed correspondence, consistent

12  with <u>Local Rule</u> 7-3 and this Court's Standing Order.  The parties further conferred

13  over videoconference on January 28, 2025, but failed to reach meaningful resolution

14  on several issues.  (<u>See</u>, Kennedy Decl., ¶¶ 4-6).

15     Accordingly, for the reasons set forth in further detail below, Defendants

16  respectfully request that their Motion be granted as prayed.

17  **II.    PLAINTIFF ESPINOZA'S CAUSES OF ACTION FOR *MONELL***

18  **LIABILITY FAIL AS A MATTER OF LAW**

19     In his Second, Third, and Fourth Causes of Action against the County,

20  Plaintiff Felix Espinoza ("Espinoza") pleads three separate claims for <u>Monell</u>

21  liability, each of which appears rooted in an "unconstitutional policy, custom, or

22  practice" theory: (1) "No hand-off or transfer process for hospital-patient

23  transferees"; (2) "No process for communicating medical needs across

24  organizational boundaries"; and (3) a "Policy of not conducting safety checks to

25  monitor inmates with medical needs."  (<u>See</u>, FAC, Dkt. 30, ¶¶ 44-119, Exhibit "A"

26  to Kennedy Decl., ¶ 3).

27     Section 1983 liability can attach to a public entity only when a plaintiff pleads

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    "sufficient factual allegations to plausibly suggest" that a policy or well-settled

2    practice was the "moving force" behind and caused a constitutional violation.  <u>See</u>,

3    <u>Monell v. Dep't of Soc. Servs. of N.Y.</u>, 436 U.S. 658, 690 (1978); <u>see also</u>,

4    <u>Robicheaux v. County of Orange</u>, --- F.Supp.3d ----, 2024 WL 5001487, at *2 (C.D.

5    Cal. 2024) ("'In order to establish liability for governmental entities under Monell, a

6    plaintiff must prove (1) that [the plaintiff] possessed a constitutional right of which

7    [s]he was deprived; (2) that the municipality had a policy; (3) that this policy

8    amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that

9    the policy is the moving force behind the constitutional violation.'") (quoting

10   <u>Dougherty v. City of Covina</u>, 654 F.2d 892, 900 (9th Cir. 2011)); <u>accord</u> <u>Lucero v.</u>

11   <u>County of Orange</u>, 536 F.Supp.3d 628, 632 (C.D. Cal. 2021) (citing <u>Bd. of Cty.</u>

12   <u>Comm'rs v. Brown</u>, 520 U.S. 397, 405 (1997) for the rule that "[r]igorous standards

13   of culpability and causation must be applied to ensure that the municipality is not

14   held liable solely for the actions of its employee.").

15        It is not enough to simply identify a policy, or lack thereof—Plaintiff must

16   plead facts at least supporting an inference that the claimed policies actually exist or

17   must exist.  <u>See, e.g.</u>, <u>Est. of Luna v. Orange Cnty. Sheriff's Dep't</u>, 2024 WL

18   2105604, at *5 (C.D. Cal. 2024) (finding plaintiff's <u>Monell</u> claim "too conclusory to

19   state a claim" where plaintiffs only alleged that decedent's death "was caused by a

20   local policy or custom" and did not plead "facts to support [the policies']

21   existence."); <u>Wolcott v. Cnty. of Orange</u>, 2023 WL 3984215, *11 (C.D. Cal. 2023)

22   (dismissing <u>Monell</u> claim for "unconstitutional custom, policy, or practice" finding,

23   "While the Wolcotts have pled specific alleged policies, there are no facts

24   supporting the inference that those policies exist, a necessary predicate at this

25   stage") (citing <u>Herd v. Cnty. of San Bernardino</u>, 311 F.Supp.3d 1157, 1167 (C.D.

26   Cal. 2018)); <u>Lucero v. County of Orange</u>, 2021 WL 1034861, at *2 (C.D. Cal. 2021)

27   (dismissing <u>Monell</u> claim where plaintiff failed to allege any facts showing the

28

**14**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

alleged policy or custom actually existed) (citing <u>Herd</u>, <u>supra</u>, 311 F.Supp.3d at 1168); <u>Herd</u>, <u>supra</u>, 311 F.Supp.3d at 1167 (dismissing <u>Monell</u> claim predicated on eleven allegedly unconstitutional customs, policy, and practices where "Plaintiffs fail to allege any facts showing that any of these claimed policies or customs actually exist."). This factual predicate is required under federal pleading standards, which are directly applicable to <u>Monell</u> claims like those alleged by Plaintiff. See, <u>A.E. ex rel. Hernandez v. Cty. of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (noting that the <u>Twombly</u> and <u>Iqbal</u> standards apply to municipal liability claims; to adequately plead a municipal liability claim, a plaintiff's allegation "may not simply recite the elements of a cause of action, but [must] contain sufficient allegations of underlying facts" so as to provide the opposing party with fair notice to mount a defense) (quoting <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011)); <u>Iqbal</u>, <u>supra</u>, 556 U.S. at 678 (a complaint must also be "plausible on its face" by including sufficient facts to permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."); <u>Twombly</u>, <u>supra</u>, 550 U.S. at 555 (pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."). Under the Supreme Courts' <u>Iqbal</u> and <u>Twombly</u> standards, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" See, <u>Iqbal</u>, <u>supra</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, <u>supra</u>, 550 U.S. at 555); <u>see also</u>, <u>Herd</u>, <u>supra</u>, 311 F.Supp.3d at 1168 (applying "the liberal pleading standard established by <u>Iqbal</u> and <u>Twombly</u> to Plaintiff's <u>Monell</u> claim and finding that Plaintiff's "allegations with respect to the alleged customs and policies are likely deficient.").

Plaintiff has failed to plead sufficient facts to maintain his <u>Monell</u> claims based on the settled authority cited above. For starters, nowhere in Plaintiff's Second, Third, or Fourth Causes of Action does Plaintiff ever even identify which constitutional right has been allegedly violated. "The first step in any [Section

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    1983] claim is to identify the specific constitutional right allegedly

2    infringed." <u>Albright v. Oliver</u>, 510 U.S. 266, 273 (1994).  "The validity of the

3    claim must then be judged *by reference to the specific constitutional standard which*

4    *governs that right*...." <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989) (emphasis

5    added).[1]  In this connection, Plaintiff's failure to accurately allege Decedent's

6    incarceration status at the time of Plaintiff's alleged loss causes further uncertainty.

7    Whether Decedent was a "convicted prisoner" or "pretrial detainee" at the time of

8    any alleged injury matters because this fact alone determines which amendment

9    governs here—the Eighth or Fourteenth.  <u>See</u>, <u>Brooks v. Ruiz</u>, 2022 WL 3372779, at

10    *4 (C.D. Cal. 2022) (in civil rights cases arising from one's interaction with law

11    enforcement, "[t]he Plaintiff's custodial status determines the applicable

12    constitutional right.").  Without any factual allegations supporting which

13    constitutional right has been violated, each of Plaintiff's <u>Monell</u> claims fails as a

14    matter law.  <u>See</u>, <u>Quintanilla v. City of Downey</u>, 84 F.3d 353, 355 (9th Cir. 1996)

15    (public entity not liable for Section 1983 damages when the factfinder concludes

16    that an individual officer inflicted no constitutional harm to the plaintiff) (citing <u>City</u>

17    <u>of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986)); <u>see also</u>, <u>Clugston v. City of</u>

18    <u>Garden Grove</u>, 2023 WL 2400876, at *1 (9th Cir. 2023) (affirming dismissal of

19    <u>Monell</u> claim where "there was no underlying constitutional violation by [the

20    officer].") (citing <u>Quintanilla</u>, <u>supra</u>, 84 F.3d at 355 with approval).

21         Next, Plaintiff merely alleges that the County does not have policies that

22    should exist (according to Plaintiff only), and that the County has an

23

---

24    [1] Even in <u>Monell</u> cases based on alleged "inaction or omission," the "plaintiff must

25    show, first, 'that the policy amounts to deliberate indifference to the plaintiff's
     *constitutional right.'"  <u>See</u>, <u>Jackson v. Barnes</u>, 749 F.3d 755, 763 (9th Cir. 2014)

26    (emphasis added) (citing <u>Tsao v. Desert Palace, Inc.</u>, 698 F.3d 1128, 1143 (9th Cir.
     2012)); <u>see also</u>, <u>Tsao</u>, <u>supra</u>, 698 F.3d at 1143 (plaintiff must also show "a

27    constitutional violation").

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT**

unconstitutional policy.  (See, FAC, Dkt. 30, ¶¶ 44-119, Exhibit "A" to Kennedy Decl., ¶ 3).  He does not, however, allege any underlying facts to establish any of these claims.  Where in the Constitution does it say that anyone has a constitutional right to (1) a "hand-off or transfer process"; (2) a "process for communicating medical needs"; or (3) "safety checks"?[2]  If these rights exist, they needed to be pled in Plaintiff's <u>Monell</u> causes of action—but, they are not.  Given Plaintiff's failure to properly plead these facts, Plaintiff's <u>Monell</u> claims fail as a matter of law.  <u>See, e.g.</u>, <u>Nguyen v. Cnty. of Orange</u>, 2023 WL 4682301, at *5 (C.D. Cal. 2023) (dismissing all three of plaintiffs' <u>Monell</u> claims because they all lacked the requisite facts needed).

    In addition to failing to plead facts permitting even the inference of an extant unconstitutional policy, Plaintiff fails to show that any practice or custom was so "persistent and widespread" as to amount to a well-settled pattern of constitutional violations.  <u>See</u>, <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996)  (quoting <u>Monell</u>, <u>supra</u>, 436 U.S. at 691 for proposition that "[l]iability for improper custom may not be predicated on isolated or sporadic incidents" and that "[t]he custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled

---

[2] Specific to Plaintiff's Fourth Cause of Action related to "safety checks," it has long been held that a plaintiff cannot source a constitutional violation out of a Title 15 Regulation specific to such "safety checks."  <u>See</u>, <u>Gordon v. County of Orange</u>, 2016 WL 11502908, at *7 (C.D. Cal. 2016) ("But even assuming that the acts of the guards violated Jail policy and Title 15, those violations do not themselves establish a constitutional violation.") (citing <u>King v. L.A. County Sheriff's Dep't</u>, 2013 U.S. Dist. LEXIS 185955, *16-17 (C.D. Cal. 2013)); <u>see also</u>, <u>King</u>, <u>supra</u>, 2013 U.S. Dist. LEXIS 185955, *16-17 ("There is no independent cause of action for a violation of Title 15 regulations. To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress.") (internal citations omitted) (citing <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) and <u>Lovell v. Poway Unified Sch. Dist.</u>, 90 F.3d 367, 370 (9th Cir. 1996)).

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1  [municipal] policy.'"); see also, Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d

2  950, 964 (9th Cir. 2008) (holding that municipal liability may be established "by

3  showing 'a longstanding practice or custom which constitutes the standard operating

4  procedure of the local government entity'") (quoting Ulrich v. City & Cnty. of San

5  Francisco, 308 F.3d 968, 984-985 (9th Cir.2002)).  Put simply, Plaintiff Espinoza

6  does not identify any "persistent and widespread" practice or custom that could be

7  considered a "permanent and well-settled policy."  Instead, Plaintiff's three Monell

8  claims reference only the incident in question.  As a result, Plaintiff has not

9  demonstrated any recurring constitutional violation—or any constitutional violation

10  at all—arising from Defendants' actions, thereby failing to meet the standard

11  required for a Monell claim.  This flaw alone renders Plaintiff's Monell claims

12  insufficient under Monell pleading standards.  See, Thompson v. City of Los

13  Angeles, 885 F.2d 1439, 1443–1444 (9th Cir. 1989) ("Consistent with the

14  commonly understood meaning of custom, proof of random acts or isolated events

15  [is] insufficient to establish custom"); see also, Est. of Luna, supra, 2024 WL

16  2105604, at *5 (finding that, "[r]ead as a whole, the FAC alleges a single, one-off

17  incident where Individual Defendants violated the Eighth Amendment. Therefore,

18  Plaintiff's allegations regarding Monell liability are too conclusory to state a

19  claim."); Sommers v. City of Santa Clara, 516 F.Supp.3d 967 (N.D. Cal. 2021)

20  (granting municipality defendant's summary judgment because the plaintiff did not

21  introduce any evidence of a "recurring failure to investigate and discipline

22  municipal officers for constitutional violations"); Christie v. Iopa, 176 F.3d 1231,

23  1235 (9th Cir. 1999) ("Plaintiffs cannot satisfy the requirement of a longstanding

24  practice or custom, because they allege to the contrary that a county official has

25  singled them out for unique treatment").

26        "'To evaluate whether a sufficient pattern of unconstitutional conduct exists,

27  courts typically consider the number of incidents, *the factual similarity of those*

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1  *incidents*, their timing, and any subsequent action by the defendant.'"  See, Estate of

2  Luna v. Orange County Sheriff's Department, 2024 WL 3218649, at *2 (C.D. Cal.

3  2024) (quoting Seever v. City of Modesto, 2022 WL 17418355, at *3 (E.D. Cal.

4  2022)) (emphasis added).  The district court in the just-cited Estate of Luna case

5  explains the reasoning behind the requirement for factual similarity of prior

6  incidents to establish a pattern:

7    The purpose of requiring that the prior instances be similar is tethered

8    to *Monell's* doctrinal moorings.  In *Monell*, the Supreme Court made

9    clear that municipal liability cannot rest on a respondeat superior

10   theory of liability.  [Citation].  Rather, municipal liability must rest on

11   the actions of the municipality.  [Citation].  Without notice of similar

12   past instances, county decisionmakers can hardly be said to have

13   deliberately chosen to implement the policy that causes violations of

14   constitutional rights.  [Citation].  Thus, [p]rior indicators cannot

15   simply be for any and all 'bad' or unwise acts, but rather must point to

16   the specific violation in question. That is, notice of a pattern of *similar*

17   violations is required.  [Citation].  Stated differently, for prior

18   instances to constitute a pattern, they must be sufficiently similar to

19   the present deprivation such that the [public entity's] failure to act to

20   address the previous violations constitutes a deliberate decision to

21   deny the plaintiff constitutional rights.

22  See, Estate of Margarita Luna, supra, 2024 WL 3218649, at *2 (internal quotations

23  omitted) (internal citations omitted).

24    Outside of Decedent's death, Plaintiff has not alleged any specific facts

25  showing that Defendant County had an ongoing practice or custom (or practice or

26  custom of "inaction") that resulted in factually similar instances of violations of

27  constitutional rights.  These flaws subject all of Plaintiff's Monell claims to

28

**19**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1  dismissal.  See, e.g., Hussain v. Cnty. of Orange, 2024 WL 3218648, at *2 (C.D.

2  Cal. 2024) (dismissing plaintiff's "unconstitutional custom, policy, or practice"

3  claim even where plaintiff pled "five [other] instances" of alleged misconduct

4  because the other instances were "too dissimilar to establish a policy of custom");

5  Estate of Margarita Luna, supra, 2024 WL 3218649, at *3 ("dismissing with

6  prejudice" plaintiff's Monell claim even where plaintiffs alleged "thirteen pre-

7  incident cases" because they were "not sufficiently similar."); Acevedo v. City of

8  Fontana, 2024 WL 1600665, at *9 (C.D. Cal. 2024) (granting motion to dismiss

9  Monell claim based on "unconstitutional custom, policy, or practice" where plaintiff

10  failed to plead facts in "other cases" sufficient to demonstrate a longstanding pattern

11  of unconstitutional behavior); McDougal v. Cnty. of Orange, 2022 WL 18144372, at

12  *4 (C.D. Cal. 2022) (dismissing Plaintiff's Monell claim where plaintiff failed to

13  allege the existence of enough factually similar incidents to establish that the County

14  was "on notice of an unconstitutional practice."); Hermosillo v. Cnty. of Orange,

15  2020 WL 6785303, at *4 (C.D. Cal. 2020) (dismissing Monell claim where

16  "Plaintiffs do not include specific allegations outside of their individual case.  The

17  single incident involving the Decedent is insufficient to establish the existence of a

18  policy or custom by the County.").

19       Accordingly, as currently pled, Plaintiff Espinoza's Second, Third, and Fourth

20  Claims against the County fail as a matter of law and should be dismissed.  See,

21  Fed. R. Civ. Proc. 12(b)(6).

22  **III.   PLAINTIFF ESPINOZA'S FIFTH CAUSE OF ACTION FOR "STATE-**

23  **CREATED DANGER" FAILS AS A MATTER OF LAW**

24       Plaintiff asserts the Fifth Cause of Action for "state-created danger" as

25  Decedent' successor-in-interest, and purports to proceed on the theory that

26  Defendant Magdaleno violated Decedent's Fourteenth Amendment right "to be free

27  from state-created dangers."  (See, FAC 18:23-19:2, Exhibit "A").  As stated above,

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT**

1  assessment of a Section 1983 claim begins "by identifying the specific constitutional

2  right allegedly infringed by the challenged [conduct]." See, Graham, supra, 490

3  U.S. at 393-394.  In civil rights cases arising from one's interaction with law

4  enforcement, "[t]he Plaintiff's custodial status determines the applicable

5  constitutional right."  See, Brooks, supra, 2022 WL 3372779, at *4.

6        Here, the FAC alleges that Decedent "was found in violation of her probation

7  and sentenced to 120 days" on December 4, 2023.  (See, FAC, Dkt. 30, ¶ 123,

8  Exhibit "A" to Kennedy Decl., ¶ 3).  Decedent's criminal case records, including

9  certified court records, confirm Decedent was convicted of violating her probation;

10  sentenced on December 4, 2023; and ordered to serve 120 days in custody.  (See,

11  "Minutes" in People v. Vanatta, 21HF0023, Exhibit "D" to Kennedy Decl., ¶ 8; see

12  also, Defendants' Request for Judicial Notice in Support of Defendants' Motion to

13  Dismiss Plaintiffs' FAC ("RJN")).  Under federal Supreme Court, Ninth Circuit, and

14  district court authority, Decedent's conviction and sentencing were enough to make

15  her a "convicted prisoner" at the time of her death such that any constitutional

16  claims related to her confinement must be analyzed under the Eighth Amendment's

17  "cruel and unusual punishment" standard.  See, Graham, supra, 490 U.S. at 393, n.6

18  (the Eighth Amendment's prohibition of "cruel and unusual punishments" applies

19  "after conviction and sentence") (citing Ingraham v. Wright, 430 U.S. 651, 664,

20  671, n.40 (1977)); see also, City of Revere v. Massachusetts Gen. Hosp., 463 U.S.

21  239, 244 (1983) ("the Eighth Amendment protections" are "available to a convicted

22  prisoner"); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) ("The

23  Eighth Amendment's prohibition of 'cruel and unusual punishments' applies only

24  'after conviction and sentence.'"); Hodges v. Corizon Health, Inc., 2019 WL

25  7476444, at *15, n.19 (D. Or. 2019), aff'd, 837 F.App'x 466 (9th Cir. 2020) ("The

26  Fourteenth Amendment applies to pretrial detainees while the Eighth Amendment

27  applies to individuals in custody after a conviction.").

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

As demonstrated here, because Decedent was a "convicted prisoner," a Fourteenth Amendment claim is inappropriate and subjects the claim to dismissal. (See, FAC, Dkt. 30, ¶¶ 120-145, Exhibit "A" to Kennedy Decl., ¶ 3; see also, "Minutes" in People v. Vanatta, 21HF0023, Exhibit "D" to Kennedy Decl., ¶ 8; Defendants' RJN).

## IV.    PLAINTIFF ESPINOZA'S EIGHTH CAUSE OF ACTION FOR "FAILURE TO SUMMON MEDICAL CARE" FAILS AS A MATTER OF LAW

Plaintiff Espinoza pleads his Eighth Cause of Action for "Failure to Summon Medical Care" under state law against Defendants Magdaleno, County, and DOES 1-10.  (See, FAC, Dkt. 30, ¶¶ 187-206, Exhibit "A" to Kennedy Decl., ¶ 3).  With respect to all Defendants, California law requires that Plaintiff plead an authorizing statute and sufficiently particularized facts to sustain his claim.  See,  Searcy v. Hemet Unified Sch. Dist., 177 Cal.App.3d 792, 802 (1986) ("In order to state a cause of action for government tort liability, *every fact essential to the existence of a statutory liability must be pleaded with particularity*…") (emphasis added). These pleading rules are applicable to state law claims pursued in federal court.  See, D.K. ex rel. G.M. v. Solano County Office of Educ., 667 F.Supp.2d 1184, 1198 (E.D. Cal. 2009) (citing Searcy with approval and dismissing plaintiffs' state law claim for failure to identify an authorizing statute).

Here, Plaintiff attempts to establish Defendants' liability by pleading Government Code § 845.6 as an authorizing statute.  (See, FAC, Dkt. 30, ¶ 188, Exhibit "A" to Kennedy Decl., ¶ 3).  But Plaintiff's reliance on Government Code § 845.6 to confer liability on Defendant Magdaleno for his purported "failure" to provide medical care to Decedent is misplaced.  Government Code § 845.6 only applies to injuries to *prisoners*, and, taking Plaintiff's allegations at face value, Decedent was not a *prisoner* at the time that Decedent interacted with Defendant

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1   Magdaleno.  A "prisoner" for purposes of the <u>Government Code</u> chapter that houses

2   Section 845.6 is defined in Section 844 as follows: "As used in this chapter,

3   'prisoner' includes an inmate of a prison, jail, or penal or correctional facility. For

4   the purposes of this chapter, a lawfully arrested person who is brought into a law

5   enforcement facility for the purpose of being booked, as described in Section 7 of

6   the Penal Code, becomes a prisoner, as a matter of law, upon his or her initial entry

7   into a prison, jail, or penal or correctional facility, pursuant to penal processes."

8          As pled in Plaintiff's Eighth Cause of Action, Defendant Magdaleno is "an

9   Officer with the COUNTY Probation Department," not some County employee

10  working inside a jail facility where Decedent was housed.  (<u>See</u>, FAC, Dkt. 30, ¶

11  189, Exhibit "A" to Kennedy Decl., ¶ 3).  Plaintiff's other allegations concerning

12  Probation Officer Magdaleno and Decedent specific to this cause of action all

13  address interactions between the two while Decedent was allegedly not inside a

14  County jail, including Probation Officer Magdaleno's legal authority to arrest

15  Decedent pursuant to an arrest warrant.  (<u>See</u>, FAC ¶¶ 192-197, Exhibit "A" to

16  Kennedy Decl., ¶ 3).  Plaintiff Espinoza makes no claim that Defendant Magdaleno

17  ever interacted with Decedent after she entered County jail.  (<u>See generally</u>, FAC ¶¶

18  188-206, Exhibit "A" to Kennedy Decl., ¶ 3).  Given the factual limitations on

19  instances to which <u>Government Code</u> § 845 liability may attach, and given

20  Plaintiff's failure to plead any facts even inviting such liability against Probation

21  Officer Magdaleno here, Plaintiff's Eighth Cause of Action against him fails as a

22  matter of law.

23         With respect to the County, while <u>Government Code</u> § 845.6 does create an

24  exception to the general immunity that <u>Government Code</u> § 844.6 confers on the

25  County for injuries to *prisoners*, the employee or group of employees who fail to

26  summon medical care must have reason to *know* that the need for medical care *is*

27  *immediate*.  This means that Plaintiff must allege facts specific enough to indicate

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT**

1  that there was not only a need for medical care, but that Defendants (1) knew or had

2  reason to know to know, (2) Decedent needed immediate medical care and (3)

3  Defendants failed to summon it.  See, Watson v. State of California, 21 Cal.App.4th

4  836, 841-842 (1993) (holding that liability under Government Code § 845.6 is

5  limited to "instances: (1) where the employee knows or has reason to now of the

6  need (2) of immediate medical care and (3) fails to summon such care"); see also,

7  Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006) ("In order to state a claim

8  under § 845.6, a prisoner must establish three elements: (1) the public employee

9  knew or had reason to know of the need (2) for immediate medical care, and (3)

10  failed to reasonably summon such care."); Watson, supra, 21 Cal.App.4th at

11  841("Liability under section 845.6 is limited to serious and obvious medical

12  conditions requiring immediate care.").

13        Here, because Plaintiff cannot sustain his claim against the County based on

14  the purported actions of Defendant Magdaleno,[3] his only remaining avenue is to

15  center his claim around the actions of "DOE" Defendants, during the time which

16  Decedent was legally considered a prisoner, after her entry into County jail.  Though

17  Plaintiff makes some allegations concerning the actions of these "DOE" Defendants,

18  they are not specific enough to confer liability on the County.  (See, FAC, Dkt. 30,

19  ¶¶ 202-205, Exhibit "A" to Kennedy Decl., ¶ 3).

20        To illustrate, Plaintiff alleges generally that "DOES 6-10 knew or had reason

21  to know that [Decedent] was in need of immediate and intensive medical care" and

22  "failed to take reasonable action to summon such immediate medical care."  (See,

23  FAC, Dkt. 30, ¶¶ 202-203, Exhibit "A" to Kennedy Decl., ¶ 3).  Plaintiff further

24  _____

25  [3] Consistent with the discussion above, Plaintiff's allegation that Defendant
   Magdaleno "knew or had reason to know that [Decedent] was in need of immediate

26  and intensive medical care" and "failed to take reasonable action to summon such
   immediate medical care" (FAC, Dkt. 30, ¶¶ 198-199, Exhibit "A" to Kennedy Decl.,

27  ¶ 3) counts for nothing because Plaintiff does not allege that Defendant Magdaleno

28  ever interacted with Decedent at the time that she was a *prisoner* in County jail.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

alleges that "the failure of DOES 6-10 to summon immediate medical care was a proximate cause of [Decedent's] death" and "as a further proximate result… Plaintiff lost [Decedent's] love, society, and companionship." (See, FAC, Dkt. 30, ¶¶ 204-205, Exhibit "A" to Kennedy Decl., ¶ 3).  These conclusory allegations are not specific enough to establish that any Defendant knew that Decedent needed *immediate* medical care.  Put differently, Plaintiff does not plead sufficient facts to show that Decedent was experiencing some kind of condition that required an immediate response, and that some County employee then failed to timely summon it, during a time at which she was a *prisoner*.  None of this is sufficient to maintain Plaintiff's claim.  See, e.g., Frary v. County of Marin, 81 F.Supp.3d 811, 842 (N.D. Cal. 2015) (under California law, public entities' and public employees' duty to provide medical care to prisoners is limited to cases where there is actual or constructive knowledge that the prisoner is in need of immediate medical care); see also, Castaneda v. Dept. of Corr. & Rehab., 212 Cal.App.4th 1051, 1074 (2013) (the statutory duty to take reasonable action to summon medical care for a prisoner does not include furnishing, monitoring, follow-up, or subsequent care for the same condition); Jimenez v. City of Ceres, 2014 WL 29637, at *7-8 (E.D. Cal. 2014) (granting motion to dismiss Government Code § 845.6 negligence claim where plaintiff failed to distinguish alleged misconduct between defendants, failed to identify with specificity what defendants knew about plaintiff's condition, and failed to identify with particularity the nature of plaintiff's complaints, and to whom they were directed).

Put plainly, Plaintiff does not provide any specific facts describing how any Defendant who interacted with Decedent while she was a prisoner in County jail was on notice that she required *immediate* medical care.  Plaintiff does not provide any specific facts describing the nature, content, or duration of this notice, or more specifically, does not provide any facts indicating that any Defendant knew that

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    Decedent's purported medical conditions required her to receive *immediate* medical

2    care.  This is problematic, as courts have determined that liability under Government

3    Code § 845.6 is limited to *serious and obvious* medical conditions that require

4    *immediate* care, and this must be established by specific, particularized facts.  See,

5    Scalia v. County of Kern, 308 F.Supp.3d 1064, 1085 (E.D. Cal. 2018) ("[liability

6    under section 845.6 is limited to serious and obvious medical conditions requiring

7    immediate care."); see also, Watson, supra, 21 Cal.App.4th at 841-842; Searcy,

8    supra, 177 Cal.App.3d at 802.

9         For the foregoing reasons, Plaintiff's claim fails as a matter of law and should

10   be dismissed.  See, Fed. R. Civ. Proc. 12(b)(6).

11   **V.    PLAINTIFF GIBSON'S TENTH CAUSE OF ACTION FAILS AS A**

12   **MATTER OF LAW**

13        Plaintiff Alyssa Gibson ("Gibson"), as the sister of Decedent, does not have

14   standing to proceed on her Tenth Cause of Action against Defendant Magdaleno for

15   "Interference with Familial Relationship" under the First Amendment.  (See, FAC,

16   Dkt. 30, ¶ 3, Exhibit "A" to Kennedy Decl., ¶ 3) ("Plaintiff Alyssa J. Gibson

17   ('Gibson') is ESPINOZA's daughter and sister of VANATTA")).

18        The Ninth Circuit has made plain that a sibling may not assert a claim for

19   familial interference under Section 1983.  See, Ward v. City of San Jose, 967 F.2d

20   280, 284 (9th Cir. 1992) (sibling does not have any constitutionally protected

21   interest in brother's companionship under Section 1983).  District courts in our

22   circuit routinely follow this rule.  See, e.g., Southern v. City of Sacramento, 2022

23   WL 17822554, at *2 (E.D. Cal. 2022) (finding that, because plaintiff was the

24   decedent's sibling, he does not have any association rights under the First

25   Amendment); Monterrosa v. City of Vallejo, 2021 WL 516736, at *11-12 (E.D. Cal.

26   2021) ("The Ninth Circuit has expressly stated that '[n]o viable loss-of-familial-

27   association claim exists for siblings under the First Amendment'"; "Defendants

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT**

correctly argue the Ninth Circuit has held that 'siblings do not retain constitutionally protected rights to a familial relationship with each other.'") (quoting J.P. by & through Villanueva v. Cnty. of Alameda, 803 F.App'x 106, 109 (9th Cir. 2020) and citing Ward, supra, 967 F.2d at 284); J.P., supra, 803 F.App'x at 109 ("No viable loss-of-familial-association claim exists for siblings under the First Amendment"); Mann v. City of Sacramento, 2022 WL 2128906, at *1 (9th Cir. 2022) (finding that the First Amendment did not cover intimate-association claims brought by adult siblings); Moreno v. Cnty. of Los Angeles, 2022 WL 1515684, at *3 (C.D. Cal. 2022) (granting Motion to Dismiss siblings' Section 1983 claim for "loss of familial relationship," reasoning that "[n]othing in 'the legislative history nor Supreme Court precedent,…supports an interest for siblings consonant with that recognized for parents and children.'") (quoting Ward, supra, 967 F.2d at 284); V.R. v. Cnty. of San Bernardino, 2019 WL 8221080, at *3-4 (C.D. Cal. 2019) (dismissing "loss of familial relationship claim," without leave to amend, asserted by non-parent plaintiffs and rejecting plaintiffs' invitation to "extend the law," citing Ward, supra, 967 F.2d at 284 and reasoning that "the Court must following binding Ninth Circuit authority."); Maurer v. City of Los Angeles, 2018 WL 11306948, at *1-2 (C.D. Cal. 2018) (granting Motion for Judgment on the Pleadings and dismissing "due process" claim asserted by decedent's sibling, reasoning that "the Ninth Circuit broadly held that no 'precedent supports an interest for sibling consonant with that recognized for parents and children'…") (quoting Ward, supra, 967 F.2d at 284); Allison v. City of Redondo Beach, 2016 WL 11757911, at *3-4 (C.D. Cal. 2016) ("the Ninth Circuit has held that siblings do not possess a constitutionally protected liberty interest in the companionship of another sibling.") (citing Ward, supra, 967 F.2d at 284); Estate of Crawley v. McRae, 2015 WL 5432787, at *35 (E.D. Cal. 2015) (decedent's siblings' "substantive due process claim fails as a matter of law because he has no actionable constitutionally protected interest.").

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    The case law is clear that Plaintiff Gibson does not have a constitutionally

2    protected interest in companionship with her sister enforceable via a Section 1983

3    lawsuit.  To the extent the above cited case law relates to Fourteenth Amendment

4    claims for "Familial Relationship," it applies here with as much force and effect as

5    those related to the First Amendment.  Indeed, the Ninth Circuit has clearly held

6    (and reaffirmed) that it "analyze[s] the right of intimate association in the same

7    manner regardless [of] whether [it] characterize[s] it under the First or Fourteenth

8    Amendments."  See, Mann, supra, 748 Fed.Appx. at 115; see also, Capp v. Cnty. of

9    San Diego, 940 F.3d 1046, 1060 (9th Cir. 2019) ("The basis for Plaintiff's

10    Fourteenth Amendment claim is the same as their First Amendment…").

11    Plaintiff Gibson is the only plaintiff to the Tenth Cause of Action.  Because

12    she does not have a judicially-cognizable constitutional right to a relationship with

13    her sister, the Tenth Cause of Action for "Interference with Familial Relationship"

14    fails to state a claim upon which relief can be granted and must be dismissed as a

15    matter of law.  See, Fed. R. Civ. Proc. 12(b)(6).

16    **VI.    PLAINTIFF ESPINOZA'S TWELFTH CAUSE OF ACTION FOR**

17    **"WRONGFUL DEATH" FAILS AS A MATTER OF LAW**

18    Plaintiff Espinoza pleads his Twelfth Cause of Action for "Wrongful Death"

19    against Defendants Magdaleno, County, and DOES 1-10.  (See, FAC, Dkt. 30, ¶¶

20    259-283, Exhibit "A" to Kennedy Decl., ¶ 3).  With respect to all Defendants,

21    Plaintiff must plead an authorizing statute and sufficiently particularized facts to

22    sustain his claim.  See, Searcy, supra, 177 Cal.App.3d at 802 ("In order to state a

23    cause of action for government tort liability, ***every fact essential to the existence of***

24    ***a statutory liability must be pleaded with particularity***…") (emphasis added); see

25    also, D.K. ex rel., supra, 667 F.Supp.2d at 1198.

26    Here, Plaintiff attempts to establish Defendant Magdaleno's liability by

27    pleading Government Code § 845.6 as an authorizing statute.  (See, FAC, Dkt. 30, ¶

28

**28**

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

270, Exhibit "A" to Kennedy Decl., ¶ 3).  But by rooting this cause of action against Defendant Magdaleno in <u>Government Code</u> § 845.6, Plaintiff makes his Twelfth Cause of Action for "Wrongful Death" duplicative of Plaintiff's Eighth Cause of Action for "Failure to Summon Medical Care."  To be sure, both Plaintiff's Eighth and Twelfth Causes of Action are based on the idea that Defendant Magdaleno failed to summon immediate medical care in violation of <u>Government Code</u> § 845.6.  (<u>See</u>, FAC, Dkt. 30, ¶¶ 198-199, 270, Exhibit "A" to Kennedy Decl., ¶ 3).  Plaintiff's Twelfth Cause of Action for "Wrongful Death" is therefore unnecessarily duplicative and is improperly pled for the same reasons stated above concerning his Eighth Cause of Action.  <u>See</u>, <u>Palm Springs Villas II Homeowners Assn., Inc. v. Parth</u>, 248 Cal.App.4th 268, 290 (2016) (collecting cases sustaining demurrers to causes of action which merely duplicate other causes of action and do not add anything "to the complaint by way of fact or theory or recovery").

With respect to Defendant DOES, Plaintiff has not pled any authorizing statute that permits their inclusion in this cause of action, and thus, the claim fails against them.  <u>See</u>, <u>Searcy</u>, <u>supra</u>, 177 Cal.App.3d at 802.

For these reasons, Plaintiff's Twelfth Cause of Action should be dismissed. <u>See</u>, <u>Fed. R. Civ. Proc</u>. 12(b)(6).

## VII.  PLAINTIFF ESPINOZA'S THIRTEENTH CAUSE OF ACTION FOR "EXCESSIVE FORCE" FAILS AS A MATTER OF LAW

Plaintiff Espinoza brings his Thirteenth Cause of Action as Decedent's successor-in-interest for "Excessive Force" under the Fourth Amendment and against Defendant Magdaleno.  (<u>See</u>, FAC, Dkt. 30, ¶¶ 284-296, Exhibit "A" to Kennedy Decl., ¶ 3).  Fatal to Plaintiff's claim is its lack of factual support showing that any "force" used by Defendant Magdaleno against Decedent was "unreasonable."  Rather, Plaintiff relies upon valueless legal conclusions that courts routinely reject as insufficient.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1    The law is well settled that in Section 1983 litigation pursued in federal court,

2    actual facts must be pled.  Reciting legal conclusions and alleging "facts that are

3    merely consistent with a defendant's liability" is not enough.  See, e.g., Wolcott,

4    supra, 2023 WL 3984215, at *2 ("The Wolcotts contend their complaint is replete

5    with factual allegations.  [Citation].  The Court disagrees.  Many of the 'factual

6    allegations' to which the Wolcotts point are legal conclusions unsubstantiated with

7    facts"; motion to dismiss "excessive force" claim granted); see also, Iqbal, supra,

8    556 U.S. at 678; Twombly, supra, 550 U.S. at 555 ("[A] plaintiff's obligation to

9    provide the 'grounds' of his 'entitlement to relief' requires more than labels and

10   conclusions, and a formulaic recitation of the elements of a cause of action will not

11   do.") (internal citations omitted).

12       Rather than plead relevant facts as to how Decedent's constitutional rights

13   were violated, Plaintiff's Thirteenth Cause of Action is riddled with legal

14   conclusions and other conclusory buzzwords such that it fails to meet basic pleading

15   standards.  (See, e.g., FAC, Dkt. 30, ¶ 293, Exhibit "A" to Kennedy Decl., ¶ 3,

16   ("The force [Defendant Magdaleno] used to remove [Decedent] from the Hoag

17   Hospital Intensive Care Unit was unreasonable and in violation of the Fourth

18   Amendment")).  This is plainly insufficient.  See, Iqbal, supra, 556 U.S. at 678

19   ("[T]he tenet that a court must accept as true all of the allegations contained in a

20   complaint is inapplicable to legal conclusions."); Twombly, supra, 550 U.S. at 570

21   ("courts 'are not bound to accept as true a legal conclusion couched as a factual

22   allegation.'") (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Moreover,

23   Plaintiff's allegation that Defendant Magdaleno "obtained a warrant for

24   [Decedent's] arrest" (FAC, Dkt. 30, ¶ 291, Exhibit "A" to Kennedy Decl., ¶ 3) cuts

25   against his own claim since peace officers are allowed to use "reasonable force" to

26   effect an arrest.  See, Cnty. of Los Angeles, Calif. v. Mendez, 581 U.S. 420, 427

27   (2017) ("'[D]etermining whether the force used to effect a particular seizure is

28

**30**
**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT**

1   "reasonable" requires balancing of the individual's Fourth Amendment interests

2   against the relevant government interests.'") (quoting <u>Graham</u>, <u>supra</u>, 490 U.S. at

3   396.  Accordingly, any "excessive force" claim predicated on an arrest must be

4   accompanied by sufficient facts showing why any force was "unreasonable."

5   Plaintiff's claim does not contain such requisite facts.

6        Based on the foregoing, Plaintiff's "Excessive Force" claim against

7   Defendant Magdaleno fails as a matter of law should be dismissed.  <u>See</u>, <u>Fed. R.</u>

8   <u>Civ. Proc</u>. 12(b)(6).

9   **VIII.**  <u>**CONCLUSION**</u>

10       For all the foregoing reasons, Defendants respectfully request that the Court

11  grant their Motion as prayed and dismiss Plaintiffs' Second, Third, Fourth, Fifth,

12  Eighth, Tenth, Twelfth, and Thirteenth Causes of Action.  <u>See</u>, <u>Fed. R. Civ. Proc.</u>

13  12(b)(6).

14  DATED: February 3, 2025              Respectfully submitted,

15                                       **LYNBERG & WATKINS**

16

17                              By:  /s/ *Delaney N. Kennedy*
                                     **S. FRANK HARRELL**
18                                   **JESSE K. COX**
                                     **DELANEY N. KENNEDY**
19                                   Attorney for Defendants
                                     COUNTY OF ORANGE and ANTHONY
20                                   MAGDALENO

21

22

23

24

25

26

27

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1

## <u>CERTIFICATE OF COMPLIANCE</u>

2   The undersigned counsel of record for Defendants certifies that this brief

3 contains 6,983 words over 22 pages, which complies with the word limit of L.R. 11-

4 6.1 and the page limit set forth in the Honorable Hwang's Standing Order, filed

5 January 10, 2025.

6 DATED: February 3, 2025    Respectfully submitted,

7           **LYNBERG & WATKINS**

8

9       By: */s/ Delaney N. Kennedy*

10         **S. FRANK HARRELL**
          **JESSE K. COX**

11         **DELANEY N. KENNEDY**
          Attorney for Defendants

12         COUNTY OF ORANGE and ANTHONY
          MAGDALENO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

DATED: February 3, 2025                    Respectfully submitted,

**LYNBERG & WATKINS**


By: */s/ Delaney N. Kennedy*
**S. FRANK HARRELL**
**JESSE K. COX**
**DELANEY N. KENNEDY**
Attorney for Defendants
COUNTY OF ORANGE and ANTHONY MAGDALENO

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**