S. FRANK HARRELL – SBN 133437
sharrell@lynberg.com
JESSE K. COX – SBN 285218
jcox@lynberg.com
GARROS CHAN – SBN 320561
gchan@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendants COUNTY OF ORANGE and ANTHONY MAGDALENO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIX ESPINOZA, an individual and successor-in-interest to SIERRA ROSE VANATTA,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, ANTHONY MAGDALENO, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 8:24-cv-02120-AH-DFM<br><br>*Assigned to: Honorable Anne Hwang Dept. 7D*<br><br>**DEFENDANT COUNTY OF ORANGE'S ANSWER TO PLAINTIFF FELIX ESPINOZA'S SECOND AMENDED COMPLAINT**<br><br>*Complaint Filed: September 30, 2024*<br><br>*First Amended Complaint Filed: January 2, 2025*<br><br>*Second Amended Complaint Filed: March 27, 2025*<br><br>*Trial Date: None Set* |

1
**DEFENDANT COUNTY OF ORANGE'S ANSWER TO PLAINTIFF FELIX ESPINOZA'S SECOND AMENDED COMPLAINT**

**COMES NOW**, Defendant COUNTY OF ORANGE ("Defendant") in answering Plaintiff FELIX ESPINOZA's ("Plaintiff"), individually and as successor-in-interest to Sierra Rose Vanatta, Second Amended Complaint ("SAC") on file herein, for itself alone and for no other Defendants, admits, denies, and alleges as follows:

1. In answering paragraphs 1-2, Defendant admits only that Plaintiff Espinoza brings his claims in his individual capacity as well as the purported successor-in-interest and sole heir to Decedent Sierra Rose Vanatta ("Decedent"), and filed a declaration pursuant to California Code of Civil Procedure § 377.32. Defendant does not have sufficient information or belief to enable it to answer the remainder of said paragraphs, and on that basis, denies each and every allegation contained therein.

2. In answering paragraph 3, Defendant admits that Defendant County of Orange is a political subdivision of the State of California.

3. In answering paragraphs 4 and 201, Defendant admits that Anthony Magdaleno is an Officer with the County's Probation Department.

4. In answering paragraphs 5, 148, 174, 175, 188-198, 202, 240, 273, and 279-280, Defendant does not have sufficient information or belief to enable it to answer said paragraphs as they relate to unidentified and unserved Does, and on that basis, Defendant denies each and every allegation contained therein as it relates to unidentified and unserved Does.

5. In answering paragraph 6, Defendant admits that Sheriff Don Barnes is the Sheriff of the County of Orange.

6. In answering paragraph 7, Defendant admits that the Women's Central Jail is located at 44 Civic Center Plaza in Santa Ana, California, and that Chad Taylor is the Commander of the Men's and Women's Central Jails. As to the remainder of said paragraph, Defendant denies that the Men's Central Jail is located at 44 Civic

Center Plaza in Santa Ana, California.

7. In answering paragraph 8, Defendant admits only that Plaintiff has stated the correct basis for the Court's current exercise of jurisdiction but denies any inference that the Court will retain jurisdiction on the same stated grounds throughout the entirety of this action.

8. In answering paragraph 9, Defendant admits only that Plaintiff Espinoza filed Claims for Money or Damages on May 3, 2024, pursuant to Government Code § 910, et seq., and that the County's Office of Risk Management sent correspondence on May 10, 2024 advising that Plaintiff's claim had been received for processing. Defendant does not have sufficient information or belief to enable it to answer the remainder of said paragraph, and on that basis, denies each and every allegation contained therein.

9. In answering paragraphs 10-14, 27, 78, 134, 159, 243, 261, 263-264, and 285, Defendant does not have sufficient information or belief at this time to enable it to answer said paragraphs at this time, and on that basis, denies each and every allegation contained therein.

10. In answering paragraphs 15, 28, 79, 135, 160, 177, 203, 223, 244, and 286, Defendant admits that on December 4, 2023, Decedent was found in violation of her probation, sentenced to 120 days, given credit for time served, and ordered to report to the County's Probation Department within 24 hours of release.

11. In answering paragraphs 16-24, 29-36, 38-43, 80-87, 91-103, 136-147, 149-157, 161-167, 169-172, 178-184, 204-217, 224-238, 241, 245-252, 254-259, 265-272, 274-278, 281-283, and 287-302, Defendant denies generally and specifically each and every allegation contained therein as phrased by Plaintiff. To the extent these paragraphs refer to unidentified and unserved Does, Defendant does not have sufficient information or belief to enable it to answer said paragraphs as they relate to unidentified and unserved Does, and on that basis, Defendant denies

3
**DEFENDANT COUNTY OF ORANGE'S ANSWER TO PLAINTIFF FELIX ESPINOZA'S SECOND AMENDED COMPLAINT**

each and every allegation contained therein as they relate to unidentified and unserved Does. Furthermore, Defendant denies Plaintiff and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

12. In answering paragraphs 25, 89, 104, 173, 239, and 262, Defendant admits only that Decedent died on January 5, 2024. Defendant denies generally and specifically each and every remaining allegation contained in paragraphs 25, 89, 104, 173, 239, and 262, as phrased by Plaintiff. Furthermore, Defendant denies Plaintiff and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant.

13. In answering paragraphs 26, 77, 132, 158, 176, 199, 219, 242, 260, and 284, Defendant reiterates and incorporates by reference its answers to those paragraphs referenced in paragraphs 26, 77, 132, 158, 176, 199, 219, 242, 260, and 284 contained in this answer.

14. In answering paragraphs 37, 88, 90, 133, 168, 185-187, 218, 220-222, and 253, Defendant answers that these are purported statements of law to which no response to is required from Defendant. Defendant denies Plaintiff and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant. To the extent these paragraphs contain allegations against Defendant, Defendant denies generally and specifically each and every allegation contained therein.

15. Specific to paragraphs 44-76 and 105-131, Defendant answers that the claims for relief and underlying allegations contained within these paragraphs have been dismissed with prejudice. (See, Dkt. 56).

16. In answering paragraph 200, Defendant admits only that Plaintiff Espinoza brings his Government Code § 845.6 claim as the purported successor-in-interest to Decedent. Defendant does not have sufficient information or belief to

enable it to answer the remainder of said paragraph, and on that basis, denies each and every allegation contained therein.

17. As to Plaintiff's Prayer for Relief, Defendant denies Plaintiff and/or Decedent were injured or damaged in any amount or sum, or at all, by reason of any act or omission of Defendant, and therefore denies Plaintiff is entitled to any of the relief requested, in any capacity.

### FIRST AFFIRMATIVE DEFENSE

18. Any and all County of Orange employees referenced in the operative Complaint acted in good faith, without malice, and within the scope of their duties. At all times pertinent to this action, the actions of Defendant and its employees were reasonable, proper, and legal in all respects, and not committed for any improper or unconstitutional purpose.

### SECOND AFFIRMATIVE DEFENSE

19. Any injury or damages suffered by Plaintiff and/or Decedent were caused solely by reason of their own wrongful acts and conduct, and/or the acts and/or conduct of Plaintiff and/or Decedent, and not by reason of any unlawful act or omission of this Defendant or its employees. Moreover, Plaintiff and/or Decedent failed to act in compliance with the mandates of the California Penal Code, as well as other laws, and this failure proximately caused and/or contributed to the injuries and damages claimed by Plaintiff, in any capacity, in Plaintiff's Second Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

20  Plaintiff's claims are barred by the Qualified Immunity Doctrine.

### FOURTH AFFIRMATIVE DEFENSE

21. Some or all of Plaintiff's claims are barred because they are predicated upon unconstitutionally vague and/or overly broad interpretations of regulations or laws.

## FIFTH AFFIRMATIVE DEFENSE

22. By the exercise of reasonable effort, Plaintiff and/or Decedent could have mitigated the amount of damages, if any there were, but Plaintiff and/or Decedent failed and refused, and continued to fail and refuse, to exercise a reasonable effort to mitigate damages, and therefore Plaintiff is barred from seeking recovery of those damages, in any capacity.

## SIXTH AFFIRMATIVE DEFENSE

23. The present action is not brought or maintained in good faith, and Defendant consequently prays for an award of all reasonable defense costs, including attorneys' fees, pursuant to Fed. Rule Civ. Proc. 11 and/or 42 U.S.C. § 1988.

## SEVENTH AFFIRMATIVE DEFENSE

24. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

## EIGHTH AFFIRMATIVE DEFENSE

25. Defendant's actions and those of its employees herein were all pursuant to legitimate penal interests.

## NINTH AFFIRMATIVE DEFENSE

26. The damages allegedly sustained by Plaintiff and/or Decedent, which such damages are generally and specifically denied to exist, were the result of the active and affirmative negligent acts or omissions to act of independent third parties and/or entities whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiff and/or Decedent's alleged damages which thereby relieves this responding Defendant from liability. Any damages awarded in this action should therefore be in direct proportion to the fault of this Defendant, if any, as provided by California Civil Code §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

## TENTH AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by the principles expressed in <u>Jones v. Williams</u>, 297 F.3d 930, 935 (9th Cir. 2002) and <u>Peck v. Montoya</u>, 51 F.4th 877 (9th Cir. 2022), requiring personal participation for liability under 42 <u>U.S.C.</u> § 1983.

## ELEVENTH AFFIRMATIVE DEFENSE

28. The force used on Plaintiff and/or Decedent, if any, was privileged in that it was used to effect a detention and/or arrest, to prevent escape, to overcome resistance, and/or in self-defense or the defense of others. Peace officers need not retreat nor desist their law enforcement efforts by reason of Plaintiff and/or Decedent's resistance or threatened resistance. Furthermore, peace officers are not to be deemed the aggressor nor do they lose their right to self-defense by the use of reasonable force to effect Plaintiff and/or Decedent's detention and/or arrest, or to prevent Plaintiff and/or Decedent's escape or to overcome their resistance.

## TWELFTH AFFIRMATIVE DEFENSE

29. Plaintiff lacks standing to prosecute the asserted claims.

## THIRTEENTH AFFIRMATIVE DEFENSE

30. The doctrine of respondeat superior is not available for actions brought under 42 <u>U.S.C.</u> § 1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

31. Defendant has never taken any action with a conscious disregard of Plaintiff and/or Decedent's rights, and has not engaged in any conduct with respect to Plaintiff and/or Decedent which would constitute deliberate or intentional conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims for relief against Defendant are barred in that the relief that Plaintiff seeks is not readily achievable.

/ / /

## SIXTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims for relief against Defendant are barred in that the relief that Plaintiff seeks may jeopardize the health and safety of others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred by the principles expressed in <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 690-694 (1978).

## EIGHTEENTH AFFIRMATIVE DEFENSE

35. Defendant alleges that none of the claims or causes of action of Plaintiff's Second Amended Complaint state facts sufficient to constitute a claim against said Defendant for punitive or exemplary damages.

## NINETEENTH AFFIRMATIVE DEFENSE

36. Plaintiff's suit is barred by the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

37. Plaintiff fails to state a claim against this Defendant for punitive damages in that punitive damages violate this Defendant's due process of law rights.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

38. Defendant and its employees acted in good faith and did not directly or indirectly perform any act whatsoever which would constitute a violation of any right possessed by Plaintiff and/or Decedent, or any duties owed to Plaintiff and/or Decedent.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

39. All events in connection with the incident alleged in Plaintiff's Second Amended Complaint and any resulting injuries or damages were contributed to and proximately caused by the negligence of Plaintiff and/or Decedent, in that they failed to exercise ordinary care for their own safety under the circumstances, thereby barring any recovery.

/ / /

## TWENTY-THIRD AFFIRMATIVE DEFENSE

40. This action was filed against a peace officer and/or a public entity employing peace officers for performance of the peace officer's duty. As this action was not filed or maintained in good faith, this Defendant claims attorneys' fees pursuant to Code of Civil Procedure § 1021.7.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

41. Defendant alleges that Plaintiff's claims fail to allege a constitutional or statutory violation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred by California Civil Code § 1714.8 to the extent the alleged incident, damages, and injuries claimed by Plaintiff were caused by the natural course of a disease or condition, or were the natural or expected results of reasonable treatment rendered for the disease or condition.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

43. A peace officer is not liable for punitive damages when an officer's acts are not willful, malicious, or in bad faith. See, Gill v. Manuel, 488 F.2d 799 (9th Cir. 1973).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

44. Pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982), Defendant is immune from liability pursuant to the Federal Civil Rights Act where said Defendant acted in good faith and entertained an honest and reasonable belief that Defendant's actions were necessary.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

45. Plaintiff and/or Decedent did not sustain an injury, if at all, sufficient to give rise to a violation of Plaintiff and/or Decedent's federal civil rights.

///

///

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

46. Plaintiff's Second Amended Complaint fails to allege facts sufficient to constitute a viable claim(s) for relief.

**THIRTIETH AFFIRMATIVE DEFENSE**

47. Defendant alleges that Plaintiff and/or Decedent received "collateral source payments" as set forth in California Government Code § 985 and that the verdict, if any, must be reduced accordingly.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

48. The requisite policy, practice, custom, or usage to establish governmental liability under 42 U.S.C. § 1983 may not be proven through reference to a single unconstitutional incident unless proof of that incident includes proof that it was caused by an existing unconstitutional policy.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

49. Plaintiff's claims are barred by the provisions of California Code Civil Procedure §§ 377 et seq., including but not limited to, 377.10, 377.11, 377.30, 377.31, 377.32, 377.33, 377.34, 377.35, 377.60, 377.61, and 377.62.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

50. This action is barred by statutory and/or common law immunity principles.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

51. Defendant's actions and those of its employees were at all times supported by reasonable and legitimate law enforcement and/or penological purposes.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

52. This Answering Defendant was not deliberately indifferent to Plaintiff and/or Decedent's constitutional rights.

///

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

53. Plaintiff's claims are barred because Defendant is entitled to rely on reports by citizens, dispatch, and other law enforcement officers. See, United State v. Mayo, 394 F.3d 1271, 1275 (9th Cir. 2005); see also, Motley v. Parks, 383 F.3d 1058, 1068 (9th Cir 2004); Whiteley v. Warden, 401 U.S. 560, 568 (1971); Spiegel v. Cortese, 196 F.3d 717, 726 (7th Cir. 1999).

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

54. Defendant alleges that Plaintiff's claims are barred by the provisions of California Government Code §§ 815, 815.2, 815.6, 818, 818.2, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 821.8, 822.2, 844.6, 845, 845.2, 845.4, 845.6, 845.8, 846, 850, 850.2, 850.4, 850.6, 850.8, 855.6, 855.8, 910, 910.2, 910.4, 910.6, 910.8, 911.2, 911.3, 911.4, 913, 913.2, 945.3, 945.4, 945.6, and/or 946.6.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

55. Defendant is not liable for any alleged injuries suffered by Plaintiff and/or Decedent allegedly stemming from Defendant's acts or omissions as the acts or omissions were reasonable given the sudden and unexpected emergency situation in which Defendant and/or third parties were in actual or apparent danger of immediate injury, which the emergency situation was not caused by this answering Defendant.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

56. Plaintiff and/or Decedent willingly, voluntarily, and knowingly assumed each, every, and all the risks and hazards involved in the activities referred to in the Second Amended Complaint. Defendant is not liable for injury or damages, if any there were, because Plaintiff and/or Decedent were aware of the dangers and risks with respect to the alleged actions, and did knowingly, voluntarily, and freely assume and expose themselves to said known risks, which assumption of the risk

caused and/or contributed to the alleged damages sought by Plaintiff herein, therefore barring Plaintiff, in any capacity, from recovering, any relief from Defendant.

### FORTIETH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred by the principles expressed in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Susag v. City of Lake Forest</u>, 94 Cal.App.4th 1401 (2002); and <u>Edson v. City of Anaheim</u>, 63 Cal.App.4th 1269, 1274 (1998).

### FORTY-FIRST AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred by res judicata and/or collateral estoppel principles.

### FORTY-SECOND AFFIRMATIVE DEFENSE

59. Pursuant to <u>Rutledge v. Arizona Board of Regents</u>, 660 F.2d. 1345 (9th Cir. 1981) and <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981), Plaintiff's claim(s) under the Federal Civil Rights Act is/are barred due to the Plaintiff's adequate state remedies.

### FORTY-THIRD AFFIRMATIVE DEFENSE

60. Any injury to Plaintiff and/or Decedent was due to and caused by Plaintiff and/or Decedent's own negligence and failure to act with reasonable care, which a reasonably prudent person would have used under the same or similar circumstances. Plaintiff and/or Decedent's carelessness, negligence, and omissions were the proximate cause of the damage, if any, to Plaintiff and/or Decedent. Any damages awarded in this action should therefore be in direct proportion to the fault of this Defendant, if any, as well as that of any other co-defendant, person, and parties, and any award to Plaintiff must be reduced by the amount of Plaintiff and/or Decedent's negligence or fault as provided by California <u>Civil Code</u> §§ 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5, and 1432.

/ / /

/ / /

## FORTY-FOURTH AFFIRMATIVE DEFENSE

61. Plaintiff's suit is barred by the doctrine of waiver and/or consent.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

62. Plaintiff's suit is barred by the doctrine of estoppel.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

63. Defendant alleges that Plaintiff's action is barred and that his non-economic damages are barred or limited by the provisions of California Civil Code §§ 3333, 3333.2, and 3333.3.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

64. This action is barred by the pertinent statute of limitations, including but not limited to, that expressed in California Code of Civil Procedure §§ 335.1, 338, 340, 342, 352.1(b-c) and/or California Government Code §§ 910, 910.2, 910.4, 910.6, 910.8, 911.2, 911.3, 911.4, 913, 913.2, 945.3, 945.4, 945.6, and/or 946.6.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

65. This action is barred by Plaintiff's failure to exhaust administrative remedies.

## FORTY-NINTH AFFIRMATIVE DEFENSE

66. Defendant alleges that Plaintiff's claims are barred by the provisions of California Government Code §§ 910 et seq. Plaintiff has failed to properly comply with pertinent claim procedures. Moreover, Plaintiff's operative Second Amended Complaint improperly varies from the contents of his governmental claims, if any. See, Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority, 34 Cal.4th 441, 447 (2004); Williams v. Braslow, 179 Cal.App.3d 762, 770 (1986); Peck v. County of Orange, 501 F.Supp.3d 852, 873-874 (C.D. Cal. 2020).

## FIFTIETH AFFIRMATIVE DEFENSE

67. The force used on Plaintiff and/or Decedent, if any, was objectively reasonable under the circumstances and did not constitute excessive force.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

68. Defendant alleges that in light of the actual risk posed by Plaintiff and/or Decedent to officers and public safety before and during the Defendant's use of reasonable force, there was a legitimate safety requirement for Defendant to use force toward Plaintiff and/or Decedent and to take the actions he took to protect himself and the public.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

69. Reasonable suspicion and/or probable cause existed for the seizure, detention, and/or arrest of Decedent at all times pertinent to this action.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

70. Defendant's employee was, at all pertinent times, duly qualified, appointed, and acting as a peace officer of the State of California and, at all times, was engaged in the performance of his regularly assigned duties as a peace officer.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

71. Because Plaintiff's Second Amended Complaint is couched in conclusory terms, Defendant cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, Defendant COUNTY OF ORANGE prays that Plaintiff take nothing by way of his Second Amended Complaint and that Defendant herein recover its attorneys' fees, costs, and such other and further relief as the Court may deem just and proper.

DATED: June 12, 2025　　　　　　　　　Respectfully submitted,

**LYNBERG & WATKINS**

By: */s/ Jesse K. Cox*
**S. FRANK HARRELL**
**JESSE K. COX**
**GARROS CHAN**
Attorney for Defendants
COUNTY OF ORANGE and ANTHONY MAGDALENO

## DEMAND FOR A JURY TRIAL

PLEASE TAKE NOTICE that Defendant COUNTY OF ORANGE hereby demands a trial by jury on all issues pursuant to the Seventh Amendment and Fed. R. Civ. Proc. 38.

DATED: June 12, 2025

Respectfully submitted,

**LYNBERG & WATKINS**

By: */s/ Jesse K. Cox*
**S. FRANK HARRELL
JESSE K. COX
GARROS CHAN**
Attorney for Defendants
COUNTY OF ORANGE and ANTHONY MAGDALENO